```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division


MARK RYAN ALLEN, et al.,          )
                                  )
                                  )
     Plaintiffs,                  )
                                  )
         v.                       )     1:14cv459(JCC/TRJ)
                                  )
COGENT COMMUNICATIONS, INC.,      )
                                  )
     Defendant.                   )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs Mark Ryan Allen, *et al.*'s ("Plaintiffs") Motion for Notice to Potential Plaintiffs and Conditional Certification. [Dkt. 33.] For the following reasons, the Court will grant in part and deny in part Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification.

### I.  Background

Cogent Communications, Inc. ("Defendant") is an Internet and network service provider offering Internet access, data transport, and colocation services through their Internet data centers. (Second Am. Compl. [Dkt. 30] ¶ 31.) In December 2011, a group of Defendant's sales account managers filed suit against Defendant to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), in

1

the District Court for the Southern District of Texas. *Lagos v. Cogent Commc'ns, Inc.*, No. H-11-4523 (S.D. Tex. Mar. 12, 2014). In *Lagos*, plaintiffs asserted that they routinely worked more than forty hours a week, were entitled to receive overtime compensation under the FLSA, and were wrongfully denied such compensation. *Id.* at 1. Defendant claimed the plaintiffs were exempt from the FLSA under the outside sales exemption. *Id.* at 4. The court conditionally certified the following nationwide collective action: "all current and former Global Account Managers and Regional Account Managers, employed by Cogent Communications, Inc. between December 21, 2008 to the present, who worked over 40 hours in a work week." *Id.* at 1-2. Notice was approved and sent to potential plaintiffs. *Id.* at 2. Following discovery, Defendant filed a motion to decertify the collective action, arguing too many differences existed among potential plaintiffs. *Id.* at 3. The court granted Defendant's motion and decertified the collective action. *Id.* at 31.

Plaintiffs in the current action are Regional Account Managers ("RAMs") and Global Account Managers ("GAMs") in Defendant's three Virginia offices. (Second Am. Compl. ¶¶ 6-28.) As in *Lagos*, Plaintiffs assert Defendant wrongfully withheld overtime compensation in violation of the FLSA. (*Id.* ¶¶ 32-36.) They seek to conditionally certify a collective action of RAMs and GAMs employed by Defendant in Virginia.

(Pls.' Mot. to Certify at 2.) Plaintiffs also request court-supervised notice. (*Id.* at 14.) Defendant argues that Plaintiffs are collaterally estopped from proceeding with this action. It contends the issue of whether a statewide collective action is appropriate was already resolved by the *Lagos* court. (Def.'s Resp. in Opp'n [Dkt. 36] at 2). In the alternative, Defendant argues that Plaintiffs have not met their evidentiary burden to show that the collective action should be conditionally certified. (*Id.* at 2.) Defendant also objects to Plaintiffs' proposed notice and consent. (*Id.* at 29.)

Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification is now before the Court.

## II. Legal Standard

Section 216(b) of the FLSA authorizes a plaintiff to file suit for alleged FLSA violations "for and in behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). These "collective actions" serve the objectives of the FLSA "by facilitating a resolution in a single proceeding of claims stemming from common issues of law and fact, and [aiding] in the vindication of plaintiffs' rights by lowering the individuals' costs by pooling claims and resources." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008).

3

To certify a collective action under the FLSA, two requirements must be met. First, the plaintiff and other employees must be "similarly situated." 29 U.S.C. § 216(b). Second, plaintiffs in the collective action must "opt-in" by filing consents with the court to join the action. *Id.*; see *Gregory v. Belfor USA Grp., Inc.*, No. 2:12cv11, 2012 WL 3062696, at *2 (E.D. Va. July 26, 2012); *Purdham v. Faifax Cnty. Pub. Sch.*, 629 F. Supp. 2d 544, 547 (E.D. Va. 2009); *Houston*, 591 F. Supp. 2d at 831; *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006).

Section 216(b) does not define "similarly situated" and the Fourth Circuit has not yet interpreted the term. However, courts in this district have adopted a two-stage analysis to determine when plaintiffs are similarly situated. *Houston*, 591 F. Supp. 2d at 831; *Choimbol*, 475 F. Supp. 2d at 562–63. At the first stage, known as the notice or conditional certification stage, the court decides whether to provide initial notice to potential collective action members. *Choimbol*, 475 F. Supp. 2d at 562. The plaintiff's evidentiary burden at this stage is "'fairly lenient'" and requires only "'minimal evidence'" since generally there has been no discovery at this point. *Houston*, 591 F. Supp. 2d at 831 (quoting *Chomboil*, 475 Supp. 2d at 562). A plaintiff must make a "modest factual showing sufficient to demonstrate that they and the

4

potential plaintiffs were victims of a common policy or plan that violated the law." *Choimbol*, 475 F. Supp. 2d at 563. Though the burden on the plaintiff is light, it is not "invisible." *Houston*, 591 F. Supp. 2d at 831. "Mere allegations will not suffice." *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002).

The court proceeds to the second stage of certification, the decertification stage, if a defendant files a motion for decertification. *Houston*, 591 F. Supp. 2d at 832. This occurs after discovery is practically complete. At the decertification stage, courts apply a heightened, fact-specific standard to determine whether the plaintiffs are similarly situated. *Houston,* 591 F. Supp. 2d at 832; *Choimbol*, 475 F. Supp. 2d at 563. If a court determines that they are not, the court decertifies the collective action and the original plaintiffs may pursue their individual claims. *Houston*, 591 F. Supp. 2d at 832; *Choimbol*, 475 F. Supp. 2d at 563.

A court may collapse the two-stage certification process into one stage when there is sufficient evidence in the record at the notice stage to show certification of the collective action is not appropriate. *Purdham*, 629 F. Supp. 2d at 547. A court may then deny certification outright. *Id*.

### III.  Analysis
**A. Conditional Certification**

5

Plaintiffs seek to conditionally certify the following opt-in collective action:

> All current and former employees employed by Cogent Communications, Inc. at its Herndon, Virginia, Sterling, Virginia, and Tysons Corner, Virginia offices as Global Account Managers and Regional Account Managers from [April 25, 2011] to the present, paid a salary plus commission with no overtime compensation, and classified as exempt employees and thus denied overtime pay for hours worked in excess of 40 hours in a work week.

(Pls.' Mot. to Certify at 14.)  Plaintiffs allege that they and potential plaintiffs are "similarly situated" because they had the "same duties, routinely worked more than 40 hours a week, and were paid under the same Sales [Compensation] Plan as one another."  (*Id.* at 6.)

Defendant argues that Plaintiffs are collaterally estopped from seeking conditional certification before this Court because of *Lagos*.  (Def.'s Resp. in Opp'n at 2.)  It claims that the *Lagos* court necessarily decided that a collective action of any geographic scope would not be proper because individual issues were too numerous.  (*Id.* at 8.)  In the alternative, Defendant contends that even if Plaintiffs are not collaterally estopped, Plaintiffs have not shown that they and the potential plaintiffs are similarly situated under any evidentiary standard.  Defendant argues that the Court should collapse the two-stage certification process into one stage and

apply a heightened standard because there has already been "substantial discovery" in the *Lagos* case that the parties have agreed to use here. (*Id.* at 21-22.) Additionally, Defendant claims that Plaintiffs have failed to meet even the low evidentiary burden required at the notice stage. (*Id.* at 23.) According to Defendant, Plaintiffs have only alleged similar classification of RAMs and GAMs and have not shown that they and potential plaintiffs performed the same type of work. (*Id.* at 23.)

Contrary to Defendant's assertions, Plaintiffs are not collaterally estopped from seeking to certify a statewide collective action. Collateral estoppel prevents relitigation of an issue where:

> (1) the issue is identical to the one previously litigated; (2) the issue was actually resolved in the prior proceeding; (3) the issue was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*In re Microsoft Corp. Antitrust Litig.*, 355 F. 3d 322, 326 (4th Cir. 2004). Defendant's collateral estoppel argument fails because it cannot prove elements (1) and (2).

In *Lagos*, the court conditionally certified a class consisting of *all* current and former GAMs and RAMs employed by

7

Defendant from December 21, 2008 to November 12, 2012. *Lagos*, No. H-11-4523, at 9-10. The opt-in plaintiffs in that case were from fifteen different sales offices, operating under twenty-eight regional sales managers and twelve directors of sales. *Id.* at 4. The *Lagos* court found that there was no evidence that plaintiffs scattered across the country performed the same job duties and operated under the same management policies so as to merit a nationwide collective action. *Id.* at 12-14. Simply put, the issue before the *Lagos* court was whether RAMs and GAMs from across the country were similarly situated. The issue before this Court, however, is whether RAMs and GAMs from Defendant's three Virginia offices are similarly situated. These are plainly not identical issues.

Nor did the *Lagos* court necessarily decide the issue presented in this case. In *Lagos*, there was no discussion of any Virginia-specific practices. Rather, the court determined that plaintiffs there could not show that GAMs and RAMs were sufficiently similar nationwide. But that finding does not prevent the possibility that a collective action focused on a smaller geographic area might reveal sufficiently similar practices warranting resolution of FLSA violations through collective actions.

Defendant points to *Breakstone v. Caterpillar*, No. 09-23324-CIV, 2010 WL 2164440 (S.D. Fla. May 26, 2010), as support

8

for the proposition that decertification of a nationwide collective action precludes conditional certification of a statewide collective action. Although it appears relevant at first blush, *Breakstone* is distinguishable. In *Breakstone*, the plaintiff was collaterally estopped from seeking Fed. R. Civ. P. 23(b)(2) certification for a statewide class after an earlier decision denied certification for a nationwide class. *Breakstone*, 2010 WL 2164440, at *5-6. However, unlike in this case, the earlier decision necessarily decided that the claims at issue could not meet Rule 23's predominance requirement and therefore were not suitable for class treatment at all. *Id.* at *5. Here, the *Lagos* court did not decide whether individual issues would *always* outweigh common issues. Rather, the *Lagos* court found individual differences were too great to justify nationwide collective action.

   The remaining cases cited by Defendant are not applicable to the facts here, as those cases involved attempts to certify a statewide class with the same claims that had been denied class certification in other courts. *See Frosini v. Bridgestone Firestone N. Am. Tire, LLC*, No. CV 05-0578 CAS (RZx), 2007 WL 2781656, at *9 (C.D. Cal. Aug. 24, 2007) (applying collateral estoppel to bar certification of statewide class after the first court had explicitly considered and rejected both nationwide and statewide classes); *Myers v. Hertz*,

No. 02-cv-42635, 2007 WL 2126264, at *2, 4-5 (E.D.N.Y. July 24, 2007) (denying Rule 23(b)(2) class certification on state law claim because it was derivative of federal claim that had been denied class certification); *In re Dalkin Shield Punitive Damages Litig.*, 613 F. Supp. 1112, 1115-16 (E.D. Va. 1985) (denying class certification where defendant moved for certification of identical class on identical issue); see also *In re Bridgestone/Firestone, Inc.*, 333 F.3d 763, 769-70 (7th Cir. 2003) (granting injunction to bar all members of potential national classes from attempting to certify nationwide classes in other courts after 7th Circuit had already denied nationwide class certification).

At least seven other district courts, including two in this circuit, have declined to apply collateral estoppel to bar conditional certification in statewide FLSA collective actions after a nationwide collective action was decertified. *See Anyere v. Wells Fargo Co., Inc.*, No. 09-C-2769, 2010 WL 1292494, at *2 (N.D. Ill. March 29, 2010)(collecting cases); *Whitt v. Wells Fargo Fin., Inc.*, 664 F. Supp. 2d 537, 542 (D.S.C. 2009) ("[B]ecause Plaintiffs assert claims on behalf of putative class members located in narrower geographic regions and that fall under a specific management hierarchy . . . the issue presented to the court is not identical to the issue ruled on by the [first] court."); *Clark v. Wells Fargo Fin., Inc.*, No.

1:08CV343, 2008 WL 4787444, at *7 (M.D.N.C. Oct. 30, 2008) ("The [first] court did not actually litigate, nor did it 'necessarily' decide, whether a statewide collective action was appropriate.").

As they are not collaterally estopped from pursing conditional certification, the Court must next address whether Plaintiffs have alleged sufficient facts to meet the "fairly lenient" evidentiary burden at the notice stage. The Court finds that they have met this burden. First, Plaintiffs have alleged that the duties, responsibilities, and activities of the potential plaintiffs and themselves are the same. Though RAMs and GAMs differ in the types of data packages, customers, or territories in which they sell, they all sell the same product. (Pls.' Mot. to Certify at 4.) To make these sales, RAMs and GAMs communicate with customers over the phone or through email. (*Id.*) Plaintiffs have supported these allegations through sworn declarations. (Pls.' Mot. to Certify, Bimba Decl. Ex. 2 ¶¶ 7-8; Fry Decl. Ex. 6 ¶¶ 7-8; Klein Decl. Ex. 8 ¶¶ 7-8.) Furthermore, regardless of location, Defendant uses the same job description for RAMs and GAMs. (Pls.' Mot. to Certify at 5.) Second, Plaintiffs and potential plaintiffs were paid under the same compensation plan. (*Id.*) The plan pays a base salary plus commission and possible bonus based on sales performance. (*Id.*) The plan does not provide for additional compensation for hours

11

worked in excess of forty per week.  (*Id.* at 5-6.)  Thus, Plaintiffs and potential plaintiffs were all regarded by Defendant as exempt from the FLSA's requirements.  (*Id.* at 5.)  Finally, Plaintiffs and potential plaintiffs all routinely worked more than forty hours per week.  (*Id.* at 6.)  Plaintiffs have provided a "sufficient reason" to believe that there is a "common policy or plan" that applies to the Plaintiffs.

Counter to Defendant's contentions, it is inappropriate at this stage to consider whether an individualized inquiry will be required to determine the applicability of the outside sales exemption.  (Def.'s Resp. in Opp'n at 26.)  At this stage, the only question to be resolved is whether there are common legal and factual questions that can be resolved through collective action.  Plaintiffs have met this burden.  *See Houston*, 591 F. Supp. 2d at 831 (stating that notice stage analysis focuses on whether potential plaintiffs are "'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'"  (quoting *Chomboil*, 475 F. Supp. 2d at 563)).  Nor is it appropriate to collapse the two-stage process into one stage and apply a heightened standard in this case.  Though both parties have agreed to use discovery from the *Lagos* case, discovery in that case was for a nationwide collective action. (Def.'s Resp. in Opp'n at 22.)  That discovery did not highlight any practices

12

specific to Virginia. (Pls.' Resp. to Def.'s Resp. in Opp'n [Dkt. 37] at 4; Def.'s Resp. in Opp'n at 22.) Apart from affidavits submitted by two of the plaintiffs and required initial disclosures by Defendant, there has been no Virginia-specific discovery. (Pls.' Resp. to Def.'s Resp. in Opp'n at 4.) It is possible that such focused discovery will reveal patterns and practices that were obscured in the discovery conducted in the nationwide collective action. Therefore, it is not "sufficiently clear" from the record that notice is not appropriate, making a heightened standard inapplicable here.

    B.    **Notice**

In order to expedite collective actions, the Supreme Court has held that district courts have discretion to facilitate notice to potential plaintiffs. *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989). District courts may do this "'by allowing discovery of the names and addresses of potential plaintiffs, by authorizing a notice for plaintiff's counsel to send to potential plaintiffs, or by some other appropriate action.'" *Gregory*, 2012 WL 3062696, at *3 (quoting *Choimol*, 475 F. Supp. 2d at 563). "This discretion is not unfettered; the court must assess whether this is an appropriate case in which to exercise [its] discretion." *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-CV-0063, 2012 WL 4739534, at *4 (E.D. Va. Oct. 2, 2012) (citation omitted).

Plaintiffs request Defendant provide the name, last known home address, business and home email addresses, home and cell phone numbers, and last four digits of Social Security numbers of all RAMs and GAMs employed by Defendant from April 25, 2011 to present. (Pls.' Mot. to Certify at 14.) They propose a sixty-day opt-in period measured from the date notice is mailed. (*Id.*) Plaintiffs seek to both mail and email the notice and consent forms. (*Id.* at 15.) Plaintiffs also request that they be permitted to post notice and consent forms at Defendant's Virginia offices. (*Id.*) Plaintiffs have provided proposed notice and consent forms with their motion.

Defendant has three objections to Plaintiffs' proposed notice. First, Defendant argues that because the statute of limitations period for opt-in plaintiffs runs until they file consent to join the collective action, *see* 29 U.S.C. § 256(b), the Court should calculate the collective action period from the date of notice approval so as to avoid time-barred plaintiffs from joining the action. (Def.'s Resp. in Opp'n at 30.) Second, Defendant argues that the opt-in period for potential plaintiffs should run from the date the notice is issued. (*Id.*) Finally, Defendant objects to Paragraph Four of Plaintiffs' Proposed Consent Form.[1]

---

[1] Paragraph Four states, "In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-

14

After considering the parties' positions, the Court will order the following. The collective action period shall run from April 25, 2011 to the present. The interests of judicial economy and the relatively small gap in time between how Plaintiffs and Defendant would measure the time weigh against a narrow construction of the collective action period at this stage of the litigation. Defendant is ordered to provide the names, last known mailing addresses, business and home email addresses, and home and cell phone numbers of RAMs and GAMs for the relevant period in usable electronic form to Plaintiffs within fifteen days of this Court's order. Plaintiffs' request for the last four digits of employees' Social Security numbers is denied. Within fifteen days of the date of this opinion, the parties shall submit an appropriate protective order specifying that potential class members' information is to be used and distributed only for effecting notice of this litigation. Plaintiffs' request to post notice and consent forms in Defendant's offices is denied.

Plaintiffs are to make the following revisions to the proposed notice and consent forms. On the notice form, Plaintiffs are to change "April 2011" to "April 25, 2011." Opt-in plaintiffs have the later of sixty days from the date of this

---

file my claims in a separate or related action against my employer." (Pls.' Mot. to Certify, Ex. 12.)

Court's order or sixty days from the date on which Defendant provides the contact information for potential plaintiffs to file their consent to join this litigation with the Clerk of Court.  With respect to the consent form, Plaintiffs are ordered to remove Paragraph Four.

### IV.  Conclusion

For the foregoing reasons, the Court will grant in part and deny in part Plaintiffs' Motion for Notice to Potential Plaintiffs and Conditional Certification.  An appropriate Order will issue.

|  |  |
|---|---|
| August 28, 2014<br>Alexandria, Virginia | /s/<br>James C. Cacheris<br>UNITED STATES DISTRICT COURT JUDGE |