UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK RYAN ALLEN, SCOTT BIMBA, DAVID BLACKWELL, MATTHEW BOYCE, SCOTT CARLISLE, RAYMOND S. FRY III, DANIEL KLEIN, TIM LANE, RYAN McGOUGH, NICHOLAS ROSS, REGINALD SIMPSON, SPIROS MYLES THEODORE, JEFF WHITE, JACKSON HOU, ERIC RINKER, HARMANDEEP SINGH, STEVEN W. WRIGHT JR., MICHAEL BEST, BRETT SAMPSON, BRYAN MURPHY, GEORGE BARKSDALE, JOSHUA BAFALIS, and KEVIN FRYE, <br><br>*Plaintiffs*, <br><br>v. <br><br>COGENT COMMUNICATIONS, INC., <br><br>*Defendant*. | Civil Action No. 1:14-cv-00459-JCC-TRJ |

**AGREED MOTION TO APPROVE SETTLEMENTS AND JOINT STIPULATION FOR DISMISSAL OF PLAINTIFFS ALLEN, BAFALIS, BARKSDALE, BIMBA, BLACKWELL, BOYCE, CARLISLE, FRYE, KLEIN, MCGOUGH, MURPHY, RINKER, SAMPSON, SIMPSON, SINGH, THEODORE, WHITE, AND WRIGHT WITH PREJUDICE**

Plaintiffs Mark Ryan Allen ("Allen"), Joshua Bafalis ("Bafalis"), George Barksdale ("Barksdale"), Scott Bimba ("Bimba"), David Blackwell ("Blackwell"), Matthew Boyce ("Boyce"), Scott Carlisle ("Carlisle"), Kevin Frye ("Frye"), Daniel Klein ("Klein"), Ryan McGough ("McGough"), Bryan Murphy ("Murphy"), Eric Rinker ("Rinker"), Brett Sampson ("Sampson"), Reginald Simpson ("Simpson"), Harmandeep Singh ("Singh"), Spiros Myles Theodore ("Theodore"), Jeff White ("White"), and Steven W. Wright, Jr. ("Wright") (collectively, "Plaintiffs") and Defendant Cogent Communications, Inc. ("Defendant") (collectively, the "Parties") hereby file this Agreed Motion to Approve Settlements and Joint Stipulation for Dismissal of Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce,

Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright With Prejudice ("Motion and Stipulation for Dismissal"). The Parties state the following in support of this Motion and Stipulation for Dismissal:

## I. STATEMENT OF FACTS

1. On April 25, 2014, Plaintiffs (along with five other named plaintiffs) filed the instant action against Defendant alleging a failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"). *See* Dkt. # 1. Plaintiffs claim that Defendant improperly classified them as exempt employees under the FLSA. *Id.* Defendant has at all times denied that it violated the FLSA and, thus, Plaintiffs' claims in this lawsuit. *See* Dkt. # 32.

2. On June 5, 2014, Plaintiffs filed their First Amended Collective Action Complaint, adding collective action allegations on behalf of Regional Account Managers and Global Account Managers who worked at Defendant's Northern Virginia office locations.[1] *See* Dkt. # 10. On July 18, 2014, Plaintiffs filed a Motion for Conditional Certification and for Notice to Potential Plaintiffs, requesting that this Court conditionally certify Plaintiffs' proposed FLSA collective action and authorize notice to be sent to the putative collective action members. *See* Dkt. # 33. On August 28, 2014, this Court granted Plaintiffs' motion and conditionally certified Plaintiffs' proposed FLSA collective action. *See* Dkt. # 45, Dkt. # 46.

3. Based on this Court's previous September 12, 2014 discovery deadline, Defendant requested the depositions of Plaintiffs (and the remaining five named plaintiffs) and noticed such depositions based on the dates provided by Plaintiffs' counsel. However, recognizing the time and expense involved in such discovery, Defendant also made a settlement offer to each Plaintiff

---

[1] On July 7, 2014, Plaintiffs filed their Second Amended Collective Action Complaint, adding Plaintiff Kevin Frye as an additional named plaintiff. *See* Dkt. # 30. The Second Amended Collective Action Complaint is Plaintiffs' live complaint in this action.

in advance of his scheduled deposition. Some of the Plaintiffs accepted Defendant's pre-deposition settlement. For those Plaintiffs who rejected Defendant's pre-deposition settlement offer, Defendant took their depositions, except for Plaintiffs Rinker and Theodore. After the depositions, the Parties continued to engage in settlement discussions and reached a settlement agreed to by each Plaintiff, Defendant, and their counsel.

4. The Parties now submit to this Court that they have reached mutually acceptable resolutions of their dispute and have executed settlement agreements memorializing such resolutions. The settlement agreements were reached by each Plaintiff and his counsel and Defendant and Defendant's counsel.

5. In accordance with the applicable requirements for settling an FLSA claim, the Parties hereby seek this Court's approval of the settlement agreements that they have entered into to resolve their disputes. The Parties further stipulate to the dismissal of Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce, Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright with prejudice, after the Court has reviewed and approved each of the settlement agreements executed by the Parties.

## II.   ARGUMENT

Based on case precedent, claims for unpaid wages and other damages arising under the FLSA may only be settled or compromised with the approval of a court or the Secretary of Labor. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *see also Baker v. Dolgencorp, Inc.*, 818 F. Supp. 2d 940, 941 (E.D. Va. 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the court or the Secretary of Labor)). Because Plaintiffs elected to litigate their FLSA claims against Defendant in the United States District Court for the Eastern District of Virginia, the Parties request that this

Court approve their settlement as set forth in the settlement agreements as a fair and reasonable resolution of a *bona fide* dispute and that the Court dismiss all of the claims asserted by Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce, Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright against Defendant with prejudice.

As discussed above, the Parties dispute the existence and scope of potential liability in the instant action. Nonetheless, Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce, Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright agreed to settle all of their disputed claims and have each executed a Confidential Settlement Agreement and General Release ("Settlement Agreement").[2] The Parties agree that the settlement terms they reached represent a fair and equitable resolution of their dispute. Each Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum, which includes payment of an agreed upon amount of attorneys' fees and costs. The terms of the Settlement Agreement are contingent upon approval by this Court. Thus, the Parties respectfully request that this Court approve their settlement and issue an Order dismissing the claims of Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce, Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright with prejudice.

The Parties have agreed to keep the specific terms and conditions of the Settlement Agreement confidential. Confidentiality of the settlement terms is particularly important to Defendant given that it is currently defending similar FLSA claims brought by multiple plaintiffs

---

[2] The Settlement Agreement executed by each Plaintiff is the same except for the agreed upon settlement amount.

in various jurisdictions across the country.[3] To that end, the Parties will submit each Settlement Agreement to this Court, in its written form, for an *in camera* review, in order to protect the confidential nature of the agreement. By allowing an *in camera* review, the Court can consider the agreement and still protect the confidentiality that the Parties bargained for. In the alternative, and upon the Court's request, the Parties will file each Settlement Agreement under seal if this Court prefers as opposed to an *in camera* review.

### III. CONCLUSION

WHEREFORE, the Parties respectfully request that this Court review the Settlement Agreements in a manner that protects their confidential nature, and then enter an Order approving the terms of each settlement between Plaintiffs and Defendant and dismissing the claims of Plaintiffs Allen, Bafalis, Barksdale, Bimba, Blackwell, Boyce, Carlisle, Frye, Klein, McGough, Murphy, Rinker, Sampson, Simpson, Singh, Theodore, White, and Wright with prejudice.

---

[3] These lawsuits are as follows: *Lagos, et al. v. Cogent Communications, Inc.*, No. 4:11-cv-04523 (S.D. Tex.) (filed Dec. 21, 2011); *Jones, et al. v. Cogent Communications, Inc.*, No. 1:14-cv-00675-ESH (D.D.C.) (filed Apr. 22, 2014); *Doeum, et al. v. Cogent Communications, Inc.*, No. 01-14-0000-3136 (AAA) (filed April 30, 2014); *Ambrosia, et al. v. Cogent Communications, Inc.*, No. 3:14-cv-02182-EDLRS (N.D. Cal.) (filed May 12, 2014); *Branch, et al. v. Cogent Communications, Inc.*, No. 14-CV-3551 (S.D.N.Y) (filed May 16, 2014); and *Pierre, et al. v. Cogent Communications, Inc.*, No. 4:14-cv-01835 (S.D. Tex.) (filed July 1, 2014).

Respectfully submitted,

/s/ Gregg C. Greenberg
Gregg C. Greenberg
Virginia State Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG, LLC
836 Bonifant Street
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Telecopier: (301) 587-9397

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:

Todd Slobin (To Move Pro Hac Vice)
Texas State Bar No. 24002953
tslobin@eeoc.net
Daryl J. Sinkule (To Move Pro Hac Vice)
Texas State Bar No. 24037502
dsinkule@eeoc.net
Sidd Rao (To Move Pro Hac Vice)
Texas State Bar No. 24065947
srao@eeoc.net
Dorian Vandenberg-Rodes (To Move Pro Hac Vice)
Texas State Bar No. 24088573
drodes@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Telecopier: (713) 621-0993

/s/ Matthew T. Deffebach
Matthew T. Deffebach
Texas State Bar No. 24012516
matthew.deffebach@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2064
Telecopier: (713) 236-5631
***Admitted Pro Hac Vice***

ATTORNEY-IN-CHARGE FOR
DEFENDANT
OF COUNSEL FOR DEFENDANT:

/s/ Scott Cunning
Scott Cunning
Virginia State Bar No. 68071
scott.cunning@haynesboone.com
HAYNES AND BOONE, LLP
800 17th Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 654-4563
Facsimile: (202) 654-4267

Meghaan C. McElroy
Texas State Bar No. 24070241
meghaan.mcelroy@haynesboone.com
HAYNES AND BOONE, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2082
Telecopier: (713) 236-5513
***Admitted Pro Hac Vice***

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd of October, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Gregg C. Greenberg
ggreenberg@zagfirm.com
836 Bonifant Street
ZIPIN, AMSTER & GREENBERG, LLC
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Telecopier: (301) 587-9397

ATTORNEY FOR PLAINTIFFS

And, I hereby certify that I will mail the document by certified mail, return receipt requested to the following non-filing users:

Todd Slobin
tslobin@eeoc.net
Daryl J. Sinkule
dsinkule@eeoc.net
Sidd Rao
srao@eeoc.net
Dorian Vandenberg-Rodes
drodes@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Telecopier: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS

/s/ Scott Cunning
Scott Cunning
Virginia State Bar No. 68071
Haynes and Boone, LLP
800 17th Street, N.W., Suite 500
Washington, DC 20006
Telephone: (202) 654-4563
Facsimile: (202) 654-4267
scott.cunning@haynesboone.com

ATTORNEY FOR DEFENDANT

H-1056361_3