IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| MARK RYAN ALLEN, *et al.*, ) | |
| ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | 1:14cv459(JCC/TRJ) |
| ) | |
| COGENT COMMUNICATIONS, INC., ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Cogent Communications, Inc.'s ("Defendant" or "Cogent") Motion to Dismiss Opt-in Plaintiffs Omar Burgos, John Murphy, and Tasha Scott.  [Dkt. 93.]  For the following reasons, the Court will deny the motion.

**I.  Background**

Facts will not be recounted at length as familiarity with them is presumed.  As relevant here, on April 25, 2014 twenty-two named plaintiffs filed this action against Cogent alleging that it failed to pay them overtime compensation in violation of the Fair Labor Standards Act ("FLSA").[1]  (Am. Compl.

---

[1] In reality, this litigation, in one form or another, has been active for three years.  In December 2011, a group of Defendant's sales account managers filed suit against Defendant to recover unpaid overtime wages under the FLSA in the District Court for the Southern District of Texas.  *Lagos v. Cogent Commc'ns, Inc.*, No. H-11-4523 (S.D. Tex.).  In *Lagos*, plaintiffs asserted the same claims they do here and Defendant presented the same defense.  (8/28/14

1

[Dkt. 30] ¶¶ 1-3.)  Plaintiffs claim that Defendant improperly classified them as exempt employees under the FLSA.  *Id.*  This Court conditionally certified a collective action on Plaintiffs' motion.  (8/28/14 Order [Dkt. 46].)  After conditional certification, some of the plaintiffs accepted settlement offers, which this Court approved.  [Dkt. 77.]  Others of the opt-in plaintiffs were voluntarily dismissed from the case pursuant to the parties' joint motion to dismiss certain plaintiffs without prejudice.  [Dkt. 92.]

Cogent has filed the instant motion, arguing that the Court should dismiss three opt-in plaintiffs – Omar Burgos ("Burgos"), John Murphy ("Murphy"), and Tasha Scott ("Scott") – because they failed to appear for depositions or make themselves available for depositions, allegedly causing Cogent to incur the costs of the untaken depositions and "preventing Cogent from obtaining critical information regarding Opt-In Plaintiffs' claims."  (Def.'s Mot. [Dkt. 93] at 1.)  Plaintiffs oppose dismissal as the appropriate remedy for the alleged discovery violations.  (Pls.' Opp. [Dkt. 97] at 2, 5.)  Discovery closed on January 12, 2015.  [Dkt. 48.]  Having been fully briefed and argued, this motion is ripe for disposition.

---

Mem. Op. [Dkt. 45] at 2.)  The Court conditionally certified a nationwide collective action.  (*Id.*)  Following discovery, Defendant filed a motion to decertify the collective action, arguing too many differences existed among potential plaintiffs.  (*Id.*)  The Court granted Defendant's motion and decertified the collective action.  (*Id.*)

## II. Legal Standard

In appropriate cases, a court may order sanctions if a party fails to appear for a deposition. Fed. R. Civ. P. 37(d)(1)(A). A range of sanctions is available to a court, including dismissing the action. Fed. R. Civ. P. 37(d)(3); *see also* Fed. R. Civ. P. 37(b)(2)(A)(v). "[D]ismissal is not a sanction to be invoked lightly." *Taylor v. Oak Forest Health and Rehab., LLC*, 302 F.R.D. 390, 393 (M.D.N.C. Sept. 9, 2014) (citing *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)). Before using dismissal as a sanction, a court should consider all relevant factors, including: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." *Id.* at 393-94 (citing *Ballard*, 882 F.2d at 95). These factors are non-exclusive, and courts are also free to consider other factors, like whether there is a need for deterrence, whether there has been a previous warning about following a court order, and whether the non-complying party acted in good faith. *Id.*

## III. Analysis

At the outset, it should be noted that Cogent's motion fails to adhere to Local Rule 37(E). That rule states:

3

> Counsel shall confer to decrease, in every way possible the filing of unnecessary discovery motions. No motion concerning discovery matters may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy. The Court will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue.

E.D. Va. Local Rule 37(E). Nowhere in Cogent's motion or its memorandum in support does any such statement of counsel appear.[2] Furthermore, this motion was filed on December 24, 2014. There was still ample time remaining before the close of discovery to (1) confer with counsel to resolve this dispute and (2) to conduct any depositions. *See Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 4809842, at *5 (E.D. Va. Sept. 25, 2014) ("Rushing to the Court with a discovery dispute before the other party even is required to provide its discovery responses evidences the lack of a good faith effort to resolve discovery disputes without Court intervention, as is required by this Court's rules. As a result, Flame's premature resort to Court intervention needlessly involved the Court in an unnecessary discovery dispute.").

---

[2] The Federal Rules of Civil Procedure also mandate a similar certification. "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

4

Nonetheless, in the interest of judicial economy the Court has considered the merits of the motion and finds that Cogent has not met the high burden to show dismissal with prejudice is appropriate here. The Court notes that Plaintiffs' counsel has represented that Burgos and Murphy no longer wish to prosecute this case. (Pls.' Opp. at 2.) Instead, Plaintiffs' counsel has requested and continues to request Cogent's consent to dismiss their claims without prejudice. (*Id.*) Presumably, this is why Burgos and Murphy did not attend their scheduled depositions in mid-December, though their opposition is silent as to the actual reason for non-appearance.[3] Without commenting on the proprietary of this strategy, Cogent was not so prejudiced as to warrant dismissal with prejudice of these Plaintiffs.[4] Therefore, the Court will dismiss Burgos and Murphy without prejudice from this case.[5]

---

[3] The Court notes that without any proffered explanation, it assumes that Burgos and Murphy's failure to appear was entirely within their control. Therefore, the first factor, the degree to which it is the plaintiff's responsibility for failing to appear, weighs in favor of Cogent.

[4] It appears that defense counsel was in the Washington, D.C. metro area to conduct depositions of *all* opt-in plaintiffs, not just Burgos and Murphy. Cogent's counsel waited approximately one hour past the respective scheduled deposition times for Burgos and Murphy to appear. (Def.'s Mem. in Supp., Ex. C.) To be sure, there were costs associated with waiting, but the imposition was not so great as to merit the extreme step of dismissing Burgos and Murphy with prejudice.

[5] At the motion hearing, Plaintiffs' counsel represented that it would be unlikely for Burgos and Murphy to re-file this case given that this litigation affords them an efficient opportunity to present their claims. Recognizing that a dismissal without prejudice does indeed allow Burgos and Murphy to re-file their claims at a later date, the Court is satisfied that dismissal without prejudice is the appropriate resolution here.

Additionally, dismissal of Scott is not warranted on these facts. Plaintiffs' counsel advised defense counsel that Scott lives and works out of state and has limited means. Therefore, she would require an accommodation to have her deposition taken by telephone, Skype, Facetime, or a similar electronic method. (Pls.' Opp. at 3.) Though this warning was delivered on December 12, during the end of the agreed deposition period, it was given a month before discovery closed. This left ample opportunity for the parties to meet and confer in person or telephonically to see if they could resolve the dispute or to file the appropriate discovery motion.

However, as an opt-in plaintiff, Scott is expected to appear for her deposition in the forum where the lawsuit is initiated absent extreme hardship. *See LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12cv363, Mem. Op. [Dkt. 422] at 4 (E.D. Va. Oct. 7, 2013) (collecting cases). As another district court has noted:

> The plaintiff, on the other hand, has not only taken the volitional step of initiating the lawsuit or the claim, he or she stands to gain a substantial monetary sum and/or other beneficial relief as a result of suing a defendant. A plaintiff, therefore, cannot invoke the mere fact [of] inconvenience or expense as a legitimate reason to refuse to appear and submit himself or herself to questioning by defendant regarding the basis for the claim.

6

*United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999).

In this case, there are no affidavits or other documentation to support Scott's hardship claim. The "bare assertion of counsel" that Scott's financial condition and work responsibilities prevent her from traveling to be deposed is not sufficient to overcome the requirement that she appear in-person for her deposition. *See Rock Springs Vista Development*, 185 F.R.D. at 603 (denying intervenors' motion to appear telephonically for depositions because there was no showing of extreme hardship to depart from the normal rule of in-person depositions in the forum). Therefore, this Court will order Scott to appear for a deposition in the Washington, D.C. metro area within thirty days (30) from the date of this Memorandum Opinion and accompanying Order.

As to Cogent's demand for attorney's fees and costs associated with Burgos and Murphy's non-appearance at their depositions, Federal Rule of Civil Procedure 37(d)(3) provides:

> (3) *Types of Sanctions.* Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

7

The Court will deny Cogent's request on grounds that it would be unjust to award expenses here.  First, the Court has dismissed Burgos and Murphy from the case without prejudice.  The expenses would likely dwarf any potential recovery they might have received had they remained in the case.  Second, Cogent failed to meet and confer with opposing counsel to resolve this discovery dispute before bringing it to the Court's attention as required by E.D. Va. Local Rule 37(E).  As such, it would be unjust to award expenses when Cogent has violated this Court's Local Rules.  Therefore, the Court will deny Cogent's request for reasonable expenses.

## IV. Conclusion

For the foregoing reasons, the Court will deny Cogent's motion.  An appropriate order will follow.

                                              /s/
January 15, 2015                       James C. Cacheris
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE